1 | Kimmel & Silverman, P.C.
2 | 1930 East Marlton Pike, Suite Q29
  | Cherry Hill, New Jersey 08003
3 | Telephone: 856-429-8334
  | Attorney of Record: Amy Bennecoff (AB0891)
4 | Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MUNDELL MCCLELLAN,             ) | |
|             ) | |
|      Plaintiffs        ) | |
|             ) | **Case No.:** |
|      v.            ) | |
|             ) | **COMPLAINT AND DEMAND FOR** |
| GC SERVICES, LP,         ) | **JURY TRIAL** |
|             ) | |
|      Defendant     ) | **(Unlawful Debt Collection Practices)** |

## <u>COMPLAINT</u>

MUNDELL MCCLELLAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the State of New Jersey; therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural persons residing in Wenonah, New Jersey.

6.  Defendant is a national debt collection company with its corporate headquarters located at 6330 Gulfton Drive, Houston, Texas 77081.

7.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), or in the alternative is a non-debtor granted a cause of action under the FDCPA.  See Bodur v. Palisades Collection, LLC, 2011 WL 6306725, at 8-9 (S.D.N.Y. 2011) (FDCPA protects non-debtors subject to errant collection efforts and "[t]o hold otherwise would run contrary to the purpose of the FDCPA to 'also protect [] people who do not owe money at all' since collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts.")

8.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

**FACTUAL ALLEGATIONS**

10.     At all relevant times, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt

11.     Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12.     Between April 2012 and January 2013, Defendant's collectors contacted Plaintiff on his home and cellular telephones on a continuous and repetitive basis.

13.     During this time, Defendant placed calls to Plaintiff multiple times per day, sometimes calling him more than four (4) times a day.

14.     As a result, Plaintiff received more than ten (10) collection calls a week to his home and cellular telephones.

15.     When placing these calls, upon information and belief, Defendant used automated dialer or pre-recorded or artificial voice to initiate these calls to Plaintiff.

16.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to his telephone by the use of an automated dialer or pre-recorded or artificial voice prior to Defendant's placement of the calls.

17.     Defendant did not consult with its client at any time before making calls to Plaintiff to determine if there was express consent to call his telephone.

18.     Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

19.     Further, Plaintiff never received anything in writing from Defendant setting forth his rights to dispute the debt and/or request verification of the debt, as well as to request the

PLAINTIFF'S COMPLAINT

original name and address of the creditor.

20.     As a result, Plaintiff does not possess any information about the debt Defendant was seeking to collect, including the amount of the debt.

21.     Defendant's actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff.

22.     Defendant's continuous and repeated calls to Plaintiff were made with the intention of annoying, abusing, harassing, and coercing Plaintiff to pay the debt.

## COUNT I
### DEFENDANT VIOLATED § 1692d OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

23.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

24.     Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, and when it engaged in other harassing or abusive conduct.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

25.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26.     Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

27.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

28.     Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it failed to send anything in writing to Plaintiff setting forth his rights, and when it engaged in other unfair conduct.

**COUNT IV**
**DEFENDANTS VIOLATED § 1692g(a) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

29.     Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

30.     Defendants violated § 1692g(a) of the FDCPA by failing to provide any written notification or any information in writing to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

PLAINTIFF'S COMPLAINT

**COUNT V**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

31.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

32.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

33.     Defendant repeatedly placed non-emergency calls to Plaintiff without Plaintiff's consent.

34.     The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

35.     Here, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff using a pre-recorded or artificial voice.

36.     Defendant called Plaintiff dozens of times.

37.     Defendant did not have Plaintiff's express consent prior to contacting him using an automatic telephone dialing system or pre-recorded or artificial voice.

38.     Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

39.     Defendant's conduct violated §227(b)(1)(B) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a home telephone service.

- 6 -

WHEREFORE, Plaintiff, MUNDELL MCCLELLAN, respectfully prays for a judgment as follows:

      a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.   Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

      d.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

      e.   Any other relief deemed appropriate by this Honorable Court.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, MUNDELL MCCLELLAN, demands a jury trial in this case.

## <u>CERTIFICATION PURSUANT TO L.CIV.R.11.2</u>

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

PLAINTIFF'S COMPLAINT

1

2

RESPECTFULLY SUBMITTED,

3

DATED: 04/30/13                          KIMMEL & SILVERMAN, P.C.

4

By: /s/ Amy L. Bennecoff

5                                              Amy L. Bennecoff
                                              Executive Quarters

6                                              1930 E. Marlton Pike, Suite Q29
                                              Cherry Hill, NJ 08803

7                                              Phone: (856) 429-8334
                                              Fax: (856) 216-7344

8                                              Email:  abennecoff@creditlaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT